Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2866 | **DATE** | June 2, 2011 |
| **CASE TITLE** | Vernon Granville (2007-0091629) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $15.10 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The U.S. Marshal's Service is appointed to effectuate service on defendants.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro se plaintiff Vernon Granville, a detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.10. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that a member of the A.T.G. gang was stabbed in the Cook County Jail. In turn, plaintiff was sent to Jefferson County, and he believes that this informed the A.T.G. gang that he was responsible for the stabbing. Plaintiff was subsequently returned to

# STATEMENT

Cook County, and was later assaulted by another inmate while in a bullpen at the Cook County Courthouse on October 15, 2010.

Plaintiff names Cook County Sheriff Tom Dart, Cook County Jail former executive director Salvador Godinez, Division Nine Superintendent Moreci, Sergeant Lewoski, and Correctional Officer Garmon as defendants. Plaintiff alleges that Dart, Godinez and Moreci chose to transfer plaintiff to Jefferson County knowing that this would indicate to the A.T.G. gang that he was involved with the stabbing of an A.T.G. gang member placing him in danger. Lewoski and Garmon were at the October 15th assault and allegedly failed to take actions to prevent plaintiff from being harmed by the other inmate.

As a pretrial detainee, plaintiff's claims arise under the Fourteenth Amendment and are adjudicated under the traditional deliberate indifference standard. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). A claim of "deliberate indifference towards a prisoner's safety needs requires a showing that the inmate was incarcerated under conditions posing a substantial risk of serious harm, and a showing that individual prison officials had subjective knowledge of the risk of harm, which they personally disregarded." *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (citations omitted). "In addition to the element of deliberate indifference, § 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). The personal involvement requirement is necessary, "[b]ecause there is no theory of *respondent superior* for constitutional torts, a plaintiff 'must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.'" *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)).

Plaintiff has set forth a claim against all defendants. Plaintiff's pro se complaint, liberally construed as required, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), alleges that the defendants were aware that their actions endangered plaintiff, and yet consciously ignored the danger ultimately leading to the assault. Plaintiff may proceed with a deliberate indifference claim in this case only to the extent that he can demonstrate that the defendants individually were subjectively aware of the risk of harm and personally disregarded that risk.

The clerk shall issue summonses for service of the complaint on all defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact

| STATEMENT |
|---|

copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $15.10 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The U.S. Marshal's Service is appointed to effectuate service on defendants.